Metropolitan 885 Third Avenue Leasehold, LLC

Action by Unanimous Consent of the
Board of Directors in Lieu of a Meeting

Dated: November 15, 2010

We, the undersigned, being all the members of the Board of Directors (the "Board") of Metropolitan 885 Third Avenue Leasehold, LLC, a Delaware limited liability company (the "Company"), do hereby waive notice of a meeting and unanimously consent and agree to the adoption of the following resolutions as if duly adopted at a meeting of the Board.

WHEREAS, the Board has considered and reviewed the materials presented by the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business;

WHEREAS, the Company is the borrower under that certain loan (the "Loan") in the principal amount of $210,000,000 from Royal Bank of Canada ("RBC"), which Loan is secured by a lien on the Third Avenue Property (as defined in the proposed Prepackaged Plan of Reorganization (the "Plan") for the Company);

WHEREAS, there has been presented to this Board (i) the Plan, (ii) a proposed disclosure statement (the "Disclosure Statement") to be distributed to holders of Reduced RBC Secured Claims (Class 2) (as defined below) and MJM Interests (Class 4) (as defined in the Plan) in connection with solicitation from such holders of votes to accept or reject the Plan; (iii) a Plan Support Agreement (the "Exit Facility Plan Support Agreement"), which acknowledges the support of RBC for the Plan; (iv) an Equity Commitment Plan Support Agreement ("Equity PSA") from New Lipstick LLC, a Delaware limited liability company ("New Lipstick") confirming its contribution of funds which funds shall be utilized, among other things, to pay down the Loan and (v) a Plan Support Agreement – Existing Equity (the "Existing Equity PSA") acknowledging the treatment and support of the direct and indirect members of the Company with respect to the Plan, and which documents (i) through (v) together set forth the material terms of the financial restructuring of the Company, including proposed distributions to be received by creditors pursuant to the Plan, the funding of the restructuring pursuant to the Plan, the restructuring of the Loan, the proposed post-reorganization capital structure of the Company and other key terms of the Plan;

WHEREAS, management of the Company and its financial and legal advisors negotiated and agreed upon the terms of the Plan with the holders of the Reduced RBC Secured Claims (Class 2) and the holders of the MJM Interests (Class 4);

WHEREAS, the Plan provides that if the Plan is confirmed and becomes effective, (1) New Lipstick will contribute to the Company, in exchange for 100% of the membership interests in the Company, an amount equal to the MJM Payment (as defined in the Plan) plus such other funds as are necessary to implement the planned repayment of principal on the restructured Loan

134588.00401/6950946v.5

and for any other purposes (collectively, "Equity Infusions"); (2) the Company will distribute the MJM Payment to Metropolitan 885 Third Avenue Leasehold Sub Junior Mezz LLC, a Delaware limited liability company; (3) the reorganized Company will assume the two ground leases for the Third Avenue Property and all other material executory contracts; (4) the Company and RBC and other parties to the documents evidencing the Loan will amend and restate the terms of the Loan to, among other things, reduce the principal balance of the Loan from $210,000,000 to $130,000,000; and (5) the Company will use part of the Equity Infusions to pay $15,000,000 to RBC on account of principal due under the Loan, reducing the balance of the Loan to $115,000,000 (the "Reduced RBC Secured Claim"), which Reduced RBC Secured Claim will be repaid in accordance with the terms of the Exit Facility Plan Support Agreement;

**WHEREAS**, except as expressly set forth in the Plan or the equity commitments of New Lipstick or its designee or nominee, the working capital of the Company, together with the proceeds of such equity commitments, shall be used for general working capital and capital expenditures of the Company to pay the Allowed Administrative Claims, Allowed Fee Claims, Allowed Priority claims, Allowed Other Priority Claims, the MJM Payment and the initial payment of $15,000,000 under the Reduced RBC Secured Claim (as such terms are defined in the Plan);

**NOW, THEREFORE, BE IT RESOLVED**, that the form and terms of each of the Plan, the Disclosure Statement, the Exit Facility Plan Support Agreement, the Equity PSA and the Existing Equity PSA, each in substantially the form presented to the Board, be, and each of them hereby is, authorized and approved;

**RESOLVED**, that the Company solicit the votes of the holders of Reduced RBC Secured Claims (Class 2) and MJM Interests (Class 4) to accept or reject the Plan (and the transactions contemplated thereby, as described in the Disclosure Statement) (the "Solicitation"), and that the Disclosure Statement and the Plan (and all exhibits, schedules and appendices hereto and thereto), an accompanying form of ballot and related materials be furnished to holders of Reduced RBC Secured Claims (Class 2) and MJM Interests (Class 4) pursuant to Sections 1125(g) and 1126(b) of the Bankruptcy Code and applicable non-bankruptcy law, in connection with the Solicitation;

**RESOLVED**, that the record date for determining the holders entitled to vote to accept or reject the Plan shall be August 30, 2010;

**RESOLVED**, that the Company shall recommend in the Disclosure Statement that all impaired classes entitled to vote in favor of or against the Plan vote to accept the Plan;

**RESOLVED**, that it is the judgment of the Board that it is desirable and in the best interests of the Company, its creditors, equity holders, employees, and other interested parties that the Company file or cause to be filed a voluntary petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code as soon as practicable after the requisite number of Reduced RBC Secured Claims (Class 2) and MJM Interests (Class 4) have voted to accept the Plan;

**RESOLVED**, that upon receipt of such votes to accept the Plan, any individual duly appointed by the Board as the President, Vice President, Treasurer or Secretary (each an "Authorized Officer" and together, the "Authorized Officers"") of the Company is hereby authorized and empowered on behalf of, and in the name of, the Company, to execute and verify or certify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") at such time as said Authorized Officer executing the same shall determine and in such form or forms as such Authorized Officer may approve;

**RESOLVED**, that the law firm of Blank Rome LLP, 405 Lexington Avenue, New York, New York 10174, be, and hereby is, retained and employed as attorney for the Company in connection with the Solicitation and the prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

**RESOLVED**, that The Garden City Group, Inc., 105 Maxess Road, Melville, NY 11747, be, and hereby is, retained and employed as the claims, noticing and balloting agent for the Company in connection with its reorganization under chapter 11 of the Bankruptcy Code;

**RESOLVED**, that each of the Authorized Officers, be, and each of them hereby is, authorized and empowered on behalf of, and in the name of, the Company, to execute and file any and all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to take any and all further actions, which such Authorized Officer or the Company's legal counsel may deem necessary or appropriate to file the voluntary petition for relief under chapter 11 of the Bankruptcy Code, and to take and perform any and all further acts and deeds which such officers or any of them deem necessary, proper or desirable in connection with the chapter 11 case, with a view to the successful prosecution of such case including, without limitation, seeking authority to guarantee or borrow, and borrowing, amounts under any post-petition financing facility for the Company or its affiliates, and granting liens, guarantees, pledges, mortgages and/or other security therefor and filing financing statements, mortgages, intellectual property security agreements and other documents related thereto and to amend the Plan, Disclosure Statement and all other documents with RBC and other parties in interest as may be required to seek confirmation and consummation of the Plan;

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed on behalf of the Company to take such actions and to make, sign, execute, acknowledge, deliver and file all such documents, agreements, and certificates as any such Authorized Officer may deem necessary, proper or desirable in connection with the foreclosure by RBC of its security interest in the Loan, and to fully perform the terms and provisions thereof;

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed on behalf of the Company to take such actions and to make, sign, execute, acknowledge, deliver and file all such documents, agreements, and certificates as any such Authorized Officer may deem necessary, proper or desirable to give effect to these Resolutions and consummation of the transactions contemplated hereby, and to fully perform the terms and provisions thereof;

3

**RESOLVED**, that whenever it is provided in any of the preceding resolutions that any Authorized Officer may prepare, make, sign, execute, acknowledge, verify, certify, deliver, file or perform any agreement, document, certificate, instrument or other writing (or cause the same to occur), or take or cause to be taken any other action or do or cause to be done any thing, that such Authorized Officer deems necessary, proper, desirable or appropriate, or to be reasonably required, the preparation, making, signing, execution, acknowledgment, verification, certification, delivery, filing or performance of such agreement, document, certificate, instrument or other writing, or the taking of such action or doing of such thing, shall conclusively evidence such determination; and

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the Board, done, taken or entered into by any Authorized Officer in the name of and on behalf of the Company, which acts or transactions would have been approved by the foregoing resolutions except that such acts or transactions were taken or occurred prior to the adoption of these resolutions, are hereby in all respects confirmed, approved and ratified.

134588.00401/6950946v.5

IN WITNESS WHEREOF, the undersigned has executed this certification as of the 15TH day of November, 2010.

DIRECTORS:

_____
Haim Revah

_____
Patricia A. LaPorta

_____
Elissa Schertz

5

134588.00401/6950946v.5

**IN WITNESS WHEREOF**, the undersigned has executed this certification as of the 15th day of November 2010.

DIRECTORS:

_____
Haim Revah

_____
Patricia A. LaPorta

_____
Elissa Schertz

134588.00401/6950946v.5