BLANK ROME LLP
Attorneys for Debtor
The Chrysler Building
405 Lexington Avenue
New York, NY  10174
(212) 885-5000
Marc E. Richards
Joel C. Shapiro
Steven A. Shoumer
Scott F. Budzenski

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
In re:                                                  :
                                                        :
METROPOLITAN 885 THIRD AVENUE   : Case No. 10-_____ (___)
LEASEHOLD, LLC,                 :
                                : Chapter 11 Case
        Debtor.                 :
------------------------------------------------------- x

**SCHEDULING MOTION FOR PREPACKAGED CHAPTER 11 CASE AND MOTION FOR AN ORDER (I) SCHEDULING A COMBINED HEARING UNDER 11 U.S.C. § 105(d)(2)(B)(vi) TO APPROVE THE ADEQUACY OF THE SOLICITATION AND DISCLOSURE STATEMENT AND THE PREPETITION SOLICITATION PROCEDURES AND TO CONFIRM THE PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION, (II) ESTABLISHING DEADLINES AND PROCEDURES FOR FILING OBJECTIONS TO THE APPROVAL OF THE SOLICITATION AND DISCLOSURE STATEMENT OR THE PREPETITION SOLICITATION PROCEDURES OR CONFIRMATION OF PLAN, AND (III) APPROVING THE FORM AND MANNER OF NOTICE OF THE CONFIRMATION HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtor and debtor-in-possession ("Debtor"), hereby moves this Court (the "Motion") for the entry of an order (i) scheduling a combined hearing (the "Confirmation Hearing") under 11 U.S.C. § 105(d)(2)(B)(vi) to approve the Debtor's Solicitation and Disclosure Statement, dated November 12, 2010 (as supplemented, the "Solicitation and Disclosure Statement"), and the Prepetition Solicitation Procedures (as defined below) and

consider confirmation of the Debtor's Prepackaged Chapter 11 Plan of Reorganization, dated November 12, 2010 (the "Plan"),[1] (ii) establishing deadlines and procedures for filing objections to approval of the Solicitation and Disclosure Statement or the Prepetition Solicitation Procedures or confirmation of the Plan, and (iii) approving the form and manner of notice of the Confirmation Hearing; the facts and circumstances supporting this Motion are set forth in the concurrently filed Affidavit of Jacob Abikzer, a member of Metropolitan Real Estate Investors, LLC in support of First Day Motions (the "Abikzer Affidavit") and the Affidavit of Blank Rome LLP Certifying the (I) Procedures for Distribution of Solicitation Materials and (II) Preliminary Declaration of Joel C. Shapiro, Esquire on behalf of Blank Rome LLP, Regarding the Methodology for the Tabulation of Ballots Accepting or Rejecting the Debtor's Chapter 11 Plan of Reorganization declared on November [ ], 2010 (the "Voting Declaration"), both of which are incorporated herein by reference. In further support of this Motion, the Debtor respectfully states as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On the date herewith (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 title 11 of the United States Code (the "Bankruptcy Code"). Concurrently with this Motion, the Debtor has also filed motions or applications seeking certain "first day" relief.

2. Also on the Petition Date, the Debtor filed with this Court (i) the Plan; and (ii) a Solicitation and Disclosure Statement describing the Plan. As discussed more fully herein, the Debtor solicited votes on the Plan prior to the Petition Date, which was accepted by all classes of creditors and interests entitled to vote thereon in accordance with section 1126(b) of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Solicitation and Disclosure Statement or the Plan, as applicable. The summary of the Plan contained in this Motion is qualified in its entirety by the terms thereof. In the event of any conflict between this Motion and the terms of the Plan, the Plan shall control and govern.

2

Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on or before the voting deadline and no additional solicitation is contemplated.

3. The Debtor has continued in possession of its property and has continued to operate and maintain its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No request has been made for the appointment of a trustee or examiner and no official committee has yet been established in this case.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a) and (d), 363, 1107, 1125(g), 1108 and 1126 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure (hereinafter "Bankruptcy Rules") Nos. 2002, 3017, 3018 and 3020. The relief requested herein is also being requested under the guidelines established by this Court in dealing with prepackaged Chapter 11 cases as set forth in the Order of the Honorable Stuart M. Bernstein dated November 24, 2009 amending General Order 203, M-387 and captioned *In the Matter of the Adoption of Prepackaged Chapter 11 Case Amended Guidelines* ("Prepack Standing Order").

## BACKGROUND OF THE DEBTOR

6. The Debtor was organized in 2007 as a Delaware limited liability company and is wholly owned by Metropolitan 885 Third Avenue Leasehold Sub Junior Mezz LLC, a Delaware limited liability company ("Parent"). The Debtor owns the leasehold interest on a 34 story Class A office building located on the eastside of Third Avenue between 53rd and 54th Streets in New York City ("Third Avenue Property"). The building was completed in 1986 and is commonly known as the "Lipstick Building" for its distinctive elliptical shape.

7. The Third Avenue Property consists of rentable commercial space, approximately 63.5% of which is occupied by one tenant (with the lease termination date of June 2021). The Third Avenue Property is currently zoned for C6-6/C1-9 Commercial/Retail. The Debtor obtained its interest in the property through two ground leases as the land is divided into two adjacent parcels, the first measuring 5,500 square feet and the second measuring 20,635 square feet.

8. The Debtor has no employees. Metropolitan Real Estate Investors, LLC, a California limited liability company is the asset management company ("Asset Management Company") with respect to the Third Avenue Property and CB Richard Ellis, Inc. ("CBRE") is the management company operating the Third Avenue Property. CBRE makes payment to its employees who perform the day-to-day operations of the Third Avenue Property. The Asset Management Company is the managing member of Metropolitan 885 Third Avenue LLC, a Delaware limited liability company ("Metropolitan"), which in turn is a managing member of Metropolitan 885 Third Avenue Leasehold Holdings LLC ("MTAL").

9. Prior to the Petition Date, Debtor became indebted to Royal Bank of Canada ("RBC") in the sum of $210,000,000 ("RBC Loan"). The RBC Loan was secured by a lien on the Third Avenue Property. Parent owns 100% of the membership interests of Debtor. In connection with the RBC Loan, Debtor also obtained an initial equity infusion from MTAL in the amount of $117,930,000.00. One of the members of MTAL is entitled to receive a preferred return on its investment before any of the other members. As of the Petition Date, the outstanding borrowings under the RBC Loan is in the principal amount of $210,000,000 (plus accrued interest, costs, fees, penalties and expenses).

10. The causes which gave rise to the need to seek relief under chapter 11 are numerous. First, the recent violent downturn in the building and real estate markets have had a

4

significant impact on the Debtor's operations. Vacancy rates have increased making it more challenging to service the debt on the property. Renewal lease rates have also been lower than anticipated. Such lower renewal lease rates have continued to negatively impact the cash flow of the Third Avenue Property, which resulted and continues to result in an undue strain on the Debt Service Fund (as hereinafter defined). The Debtor filed this case as a result of serious liquidity issues.

11. A substantial portion of the Debtor's revenue has been impacted by contractions in the commercial real estate markets throughout the United States. By way of example, Debtor's tenant base is strongly associated with consumer confidence in the economy and the financial industry and as such, has been affected by the current recession. In brief summary, the significant decline in rental revenue and liquidity position compelled the Debtor to seek an alternative to its current position.

12. Under the existing RBC Loan, the Debtor is the borrower. As noted, the sole 100% member of the Debtor is the Parent. And the 100% member of the Parent is MTAL. MTAL is owned by Metropolitan and by Goldman, Sachs & Co., a New York limited partnership ("GS"). Metropolitan is the managing member of MTAL.

13. As noted, the Debtor's significant indebtedness, $210,000,000 of secured debt (plus accrued interest, costs, fees, penalties and expenses), is to RBC. The instruments evidencing the Debtor's indebtedness to RBC are described below. In addition to the foregoing, the Debtor has unsecured trade debt incurred in the ordinary course of its operations.

14. Pursuant to that certain loan agreement, dated as of July 9, 2007, RBC, as collateral agent for the benefit of the holder or holders of the notes and their respective successors and assigns made a loan to Debtor in the original aggregate principal amount of $210,000,000. The RBC Loan is evidenced by a certain Amended, Restated and Consolidated

5

Promissory Note (Note A) in the original principal amount of $125,000,000 ("Note A") and that certain Amended, Restated and Consolidated Promissory Note ("Note B") in the original principal amount of $85,000,000 ("Note B"; and together with Note A, collectively, the "Original Notes"), in each case dated as of July 9, 2007 (the "Original Closing Date").

15. The Original Notes are in turn secured, *inter alia*, by that certain Amended, Restated and Consolidated Leasehold Mortgage, Security Agreement, Fixture Financing Statement and Assignment of Leases and Rents, dated as of the Original Closing Date (the "Original Mortgage") and recorded as Document ID: 2007071901142013 on August 7, 2007 and encumbering the Third Avenue Property.

16. The Debtor also entered into the following documents on the Original Closing Date in connection with the RBC Loan: (i) an Assignment of Leases and Rents; (ii) an Environmental Indemnity Agreement; (iii) a Subordination of Asset Management Agreement and Management Fees (Asset Management Company signed as Manager of the Third Avenue Property); (iv) a Limited Guaranty; (v) a Subordination of Management Agreement and Management Fees; (vi) a Deposit Account Control Agreement (Security Deposits) (Three Party Hard Lockbox) by and among Debtor, RBC and PNC Bank, National Association ("PNC"); (vii) a Deposit Account Control Agreement (Three Party Hard Lockbox) by and among Debtor, RBC and PNC; (viii) a Deposit Account Control Agreement by and among Debtor, RBC and Bank of America, N.A. ("BofA"); and (ix) a state level UCC and a county level UCC fixture filing.

17. As of the Original Closing Date, amounts were deposited in the "Debt Service Fund" to be applied by RBC to pay "Debt Service" (as defined in the RBC Loan) due on the RBC Loan.

18. Pursuant to Section 6(d) of the RBC Loan, Debtor is required to maintain a balance of at least $2,300,000 in a debt service fund ("Debt Service Fund") to pay monthly

6

interest. On April 6, 2010, Midland Loan Services, Inc., acting as Servicer of the Loan on behalf of RBC ("Servicer"), emailed Debtor that as of April 1, 2010, disbursement from the Debt Service Fund caused the balance of the Debt Service Fund to drop below the required $2,300,000 threshold. On April 19, 2010, RBC delivered a written default notice to Debtor that Debtor was required to deposit funds equal to $280,126.41 to cover the shortfall in the Debt Service Fund. On May 5, 2010, Servicer once again emailed Debtor informing Debtor that a disbursement from the Debt Service Fund to fund the debt service had caused the balance of the Debt Service Fund to drop below $2,300,000. On May 17, 2010, RBC delivered a second written default notice to Debtor that Debtor was required to deposit funds equal to $621,394.51 to cover the shortfall in the Debt Service Fund.

19. Debtor failed to replenish the Debt Service Fund to the $2,300,000 required threshold within the timeframe required by RBC.

20. In connection with the Debtor's failure to replenish the Debt Service Fund, RBC filed an action in foreclosure against Debtor on June 21, 2010 in the Supreme Court of the State of New York County of New York (Index No. 650675/10). The foreclosure complaint alleges that the Debtor failed to maintain a balance of $2,300,000 in the Debt Service Fund and continues to fail to do so and that RBC accordingly elected to accelerate the entire indebtedness due under the Original Notes.

**SOLICITATION**

21. On November 12, 2010, the Debtor commenced a solicitation of votes on the Plan from holders of RBC Secured Claims (Class 2) and MJM Interests (Class 4) (each as defined in the Plan), who held such claims as of October 31, 2010 (the "Voting Record Date").

134588.00401/21901787v.15

The Debtor caused copies of Solicitation and Disclosure Statement, the Plan and the Ballots[2] to be transmitted to each person or entity that was entitled to vote on the Plan via Federal Express.

22. The Solicitation and Disclosure Statement establish November 29, 2010 at 4:00 p.m. prevailing Eastern time as the voting deadline (the "Voting Deadline") by which all persons or entities entitled to vote on the Plan are required to have returned to Blank Rome LLP (the "Voting Agent") their completed ballot for voting on the Plan (copies of the forms of ballots are attached hereto as Exhibit A-1 through Exhibit A-2, collectively, the "Ballots"). This was established to enable the parties to have time to review all pleadings, if required, but meet the time limitations established by the parties to obtain confirmation of the Plan. Pursuant to the terms of the Solicitation and Disclosure Statement, the Debtor reserved the right to commence this chapter 11 case upon receiving the requisite votes in favor of the Plan from holders of claims in each of the voting classes—Class 2 (Secured Claims of RBC) and Class 4 (MJM Interests). The acceptances received are sufficient to confirm the Plan under sections 1125(g), 1126(b), (c) and (d) and section 1129 of the Bankruptcy Code. The Debtor did not solicit votes on the Plan from holders of Claims classified in Classes 1 and 3, both of which are unimpaired and therefore were deemed to have accepted the Plan pursuant to sections 1126(f) and (g) of the Bankruptcy Code.

**RELIEF REQUESTED**

23. By this Motion, the Debtor requests that this Court enter an order substantially in the form attached hereto as Exhibit B (the "Scheduling Order") (i) scheduling the Confirmation Hearing to approve the adequacy of the information contained in the Solicitation and Disclosure Statement and the Prepetition Solicitation Procedures and to consider

---

[2] The Solicitation and Disclosure Statement and the Ballots, together with all exhibits thereto, are collectively referred to herein as the "Solicitation Materials", together with the solicitation and voting procedures described in the Voting Affidavit, the "Prepetition Solicitation Procedures").

8

confirmation of the Plan, (ii) establishing deadlines and procedures for filing objections to approval of the Solicitation and Disclosure Statement, the Prepetition Solicitation Procedures or confirmation of the Plan, and (iii) approving the form and manner of notice of the commencement of this chapter 11 case and the scheduling of the Confirmation Hearing.

## BASIS FOR RELIEF AND APPLICABLE AUTHORITIES

A. **Scheduling Combined Hearing on Approval of the Disclosure Statement and Confirmation of the Plan**

24. Section 105(d)(2)(B)(vi) of the Bankruptcy Code authorizes the Bankruptcy Court to combine a hearing on the disclosure statement with a hearing on the confirmation of the plan. The Debtor submits that a combined hearing promotes judicial economy and will promote the expedient reorganization of the Debtor. The adverse effects of the chapter 11 filing upon the Debtor's business and going concern value will be minimized, and the benefit to creditors maximized through prompt distributions and the reduction of administrative expenses of the estate - the hallmarks of a prepackaged plan of reorganization. Therefore, the Debtor hereby respectfully requests entry of an order, pursuant to section 105(d)(2)(B)(vi) of the Bankruptcy Code, setting a date to approve the adequacy of the Solicitation and Disclosure Statement and the Prepetition Solicitation Procedures and to confirm the Plan.

25. Rule 3017(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") provides that "the court shall hold a hearing on at least 28 days' notice . . . to consider the disclosure statement and any objections or modifications thereto." Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation" of a plan.

9

Accordingly, the Debtor hereby requests that this Court schedule the Confirmation Hearing to be held on or about December 28, 2010 if such date is available on the Court's calendar.

26. The proposed date of the Confirmation Hearing is in the best interests of the Debtor's estate and its creditors. Such date would permit the Debtor to provide adequate notice of the objection deadline for confirmation of the Plan and sufficiency of the Solicitation and Disclosure Statement (each as discussed below), and would provide more than twenty-eight (28) days' notice of the hearing as prescribed by the Bankruptcy Rules. The Debtor also requests that this Court order that the Confirmation Hearing may be continued (after consultation with RBC and New Lipstick LLC) from time to time by announcing such continuance in open court, the agenda for such hearing, or otherwise, all without further notice to parties-in-interest. The most difficult and complex tasks required to effectuate a successful reorganization have been accomplished with the consent of the affected parties in advance of the commencement of this chapter 11 case. As such, the circumstances weigh heavily in favor of scheduling the Confirmation Hearing for the earliest date convenient to this Court after the expiration of the applicable notice periods. The Debtor respectfully submits that there is no reason to delay consideration of the adequacy of the Solicitation and Disclosure Statement and the Prepetition Solicitation Procedures and confirmation of the Plan.

27. The Debtor further submits that it is appropriate that the Scheduling Order be entered at this time in order that creditors, equity interest holders and other parties-in-interest may be informed as promptly as possible of the anticipated scheduling of events preceding confirmation of the Plan. The proposed schedule affords creditors and equity interest holders' ample notice of the proceedings.

B. **Deadline and Procedures for Objections or Modifications to the Solicitation and Disclosure Statement, the Prepetition Solicitation Procedures or the Confirmation of the Plan**

28. Bankruptcy Rule 3017(a) authorizes the Court to establish a deadline for filing objections to the adequacy of the Solicitation and Disclosure Statement. Bankruptcy Rule 3020(b)(1) authorizes the court to establish a time for filing objections to the Plan. Bankruptcy Rule 2002(b) requires that at least twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections to approval of a disclosure statement or confirmation of a plan of reorganization. Assuming that this Court schedules the Confirmation Hearing on the date requested herein (*i.e.*, December 28, 2010), the Debtor proposes that the Court establish December 24, 2010 be set as the last date to file objections to confirmation of the Plan (the "Objection Deadline"). This date will give creditors and equity interest holders more than twenty-eight (28) days to object to the Solicitation and Disclosure Statement, the Prepetition Solicitation Procedures or confirmation of the Plan.[3] The Debtor also requests that the Debtor and any other parties supporting confirmation of the Plan be authorized to file, by 4:00 p.m. prevailing Eastern time, one (1) business day prior to the date set for the commencement of the Confirmation Hearing, a reply to any objections received and that the Debtor be authorized to file a notice of presentment of a proposed draft confirmation order, which may incorporate provisions to address any such objections on such date.

29. The Debtor further proposes that this Court direct that objections to approval of the Solicitation and Disclosure Statement, approval of the Prepetition Solicitation Procedures or confirmation of the Plan, if any, shall (i) be in writing, (ii) comply with the

---

[3] All parties-in-interest will be provided notice of the Confirmation Hearing and an opportunity to obtain a copy of the Plan and Solicitation and Disclosure Statement approximately four weeks prior to the proposed deadline for confirmation objections—more than ample time to evaluate the Solicitation and Disclosure Statement and the Plan prior to the proposed combined hearing. This is especially the case where the impaired classes have negotiated and approved the Plan and the unsecured creditors are riding through this case unimpaired. Thus, no party-in-interest will be prejudiced by the relief requested herein.

11
134588.00401/21901787v.15

Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and any other case management rules or orders of the Court (iii) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtor, (iv) state with particularity the legal and factual basis for such objection and (v) be filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York, together with proof of service thereof, and served by personal service or by overnight delivery, upon counsel to any statutory committee appointed in this chapter 11 case, any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002 and the following additional parties, so as to be received no later than 4:00 p.m. prevailing Eastern time on the Objection Deadline:

    Counsel to the Debtor:

    Blank Rome LLP
    The Chrysler Building
    405 Lexington Avenue
    New York, NY  10174
    Attn:  Marc E. Richards

    Counsel to Royal Bank of Canada:

    Fried Frank LLP
    One New York Plaza
    New York, New York 10004
    Attn:  Gary Kaplan and Janice MacAvoy

    and The U.S. Trustee:

    The Office of the United States Trustee
    33 Whitehall Street
    21st Floor
    New York, NY  10004
    Attn:  Andrea B. Schwartz

12
134588.00401/21901787v.15

Counsel to New Lipstick LLC:

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Attn: Kathrine A. McLendon

30. The proposed timing of service of objections, if any, would enable the Debtor, and any other parties supporting confirmation of the Plan, to file and serve a reply to any such objections and adequately prepare for the Confirmation Hearing.

31. The Debtor further proposes that, consistent with the Solicitation and Disclosure Statement, any supplements to the Plan shall be filed with this Court no fewer than two (2) business days prior to the Objection Deadline, and that such documents be made available through the Court Clerk's office or from Debtor's counsel.

C. **Form and Manner of Notice of Confirmation Hearing**

32. By November 19, 2010, the Debtor proposes to mail or cause to be mailed to all of their known creditors (or nominees therefor), equity interest holders, the U.S. Trustee and all parties requesting notice under Bankruptcy Rule 2002, a copy of a notice including, among other things, the following information: (i) the date of the commencement of this Chapter 11 case; (ii) the date, time and place of the Confirmation Hearing; (iii) the deadline and procedures for filing objections to the adequacy of the Solicitation and Disclosure Statement or the Prepetition Solicitation Procedures or to confirmation of the Plan; and (iv) instructions for obtaining copies of the Solicitation and Disclosure Statement and the Plan, substantially in the form of the proposed notice annexed hereto as Exhibit C (the "Mailing Notice"). The Debtor has modeled the Mailing Notice under the parameters set forth in the Prepack Standing Order.

33. The Debtor submits that the foregoing procedure for providing notice of the Confirmation Hearing and the Objection Deadline constitutes adequate notice therefor.

13

Moreover, pursuant to section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtor submits that the relief requested herein is necessary and appropriate to carry out the provisions of the Bankruptcy Code. In this case, allowing the Debtor to serve parties-in-interest with a combined notice rather than individual notices will save the Debtor an expense and time – both to the benefit of creditors. Accordingly, the Debtor hereby respectfully requests that this Court approve the form and manner of service of the Mailing Notice.

34. The Solicitation and Disclosure Statement and Plan shall be provided to any parties-in-interest in this case by the Debtor or The Garden City Group, Inc. upon written request to the Debtor's counsel. Accordingly, the Debtor further requests that any provision of Bankruptcy Rule 3017(d) requiring the Debtor to distribute the Solicitation and Disclosure Statement and the Plan to unimpaired creditors or to other parties-in-interest, other than as prescribed in the Order approving this Motion, be waived; provided, however, that Debtor agrees that all such unimpaired creditors shall be served with a Notice of Non-Voting Status to Unimpaired Claims substantially in the form attached hereto as Exhibit "D" ("Non-Voting Notice").

**Notice**

35. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for Region 2 (Attn: Andrea B. Schwartz); (ii) the Debtor's twenty largest unsecured creditors; (iii) counsel to the prepetition lender, RBC; (iv) Counsel to New Lipstick LLC; and (v) counsel to Goldman, Sachs & Co.; (vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; (viii) Securities and Exchange Commission; (ix) New York State Department of Taxation and Finance; (x) New York City

Department of Finance, Real Property and Transfer Tax Unit; and (xi) any party whose interests are directly affected by this Application, and on all other parties required to receive service under Bankruptcy Rule 2002 and the Local Rules for the Southern District of New York. In light of the nature of the relief requested herein, the Debtor submits that no other further notice is necessary.

## **No Prior Request**

36. The Debtor has not previously sought the relief requested herein from this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court (i) enter an order substantially in the form attached hereto as Exhibit B (a) scheduling a hearing to approve the Solicitation and Disclosure Statement and the Prepetition Solicitation Procedures and consider confirmation of the Plan, (b) establishing deadlines and procedures for filing objections to approval of the Solicitation and Disclosure Statement or the Prepetition Solicitation Procedures or confirmation of the Plan, (c) approving the form and manner of notice of the commencement of this chapter 11 case and the scheduling of the Confirmation Hearing in accordance with Exhibits C and D and (ii) granting such other and further relief as is just and proper.

Dated: New York, NY
November 15, 2010

Respectfully submitted,

BLANK ROME LLP


By: /s/ Marc E. Richards
Marc E. Richards
Scott F. Budzenski
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
Telephone: (212) 885-5000)
Facsimile: (212) 885-5001

-and-

Joel C. Shapiro
Steven A. Shoumer
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555

*Proposed Counsel to Metropolitan 885 Third Avenue Leasehold, LLC*